IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3011 |
| vs. | |
| WILLIAM BOOTHE, III, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report and addendum in this case. The defendant has objected to the presentence report. Filing 545-2; *see* filing 545. The defendant has also moved for a downward variance. Filing 545; filing 545-1.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant has objected to the presentence report. Filing 545-2; *see* filing 545. First, he argues that the presentence report improperly applies the cross-reference from U.S.S.G. § 2B3.1(c)(1), which provides that if the victim of a robbery was murdered, the guideline for first degree murder, U.S.S.G. § 2A1.1, should be applied instead. Filing 545-1 at 2. He argues that while a victim was killed, he personally had no reason to believe that would happen "and did not aid or abet any violence." Filing 545-1 at 2.

The Court disagrees. The defendant pleaded guilty to the robbery, and clearly knew that a firearm would be used or carried in relation to the crime—and that would have been enough, had the defendant been charged and tried, to convict him of robbery, aiding and abetting the use of a firearm during and in relation to a crime of violence, and felony murder. *See United States v. Rosemond*, 572 U.S. 65, 78-80 (2014);

*United States v. Allen,* 247 F.3d 741, 783 (8th Cir. 2001), *judgment vacated on other grounds,* 536 U.S. 953 (2002), *judgment affirmed after remand,* 406 F.3d 940 (2005) (en banc); *see also United States v. Rivera,* 679 F. App'x 51, 55 (2d Cir. 2017); *United States v. Garcia-Ortiz,* 792 F.3d 184, 189-90 (1st Cir. 2015); *United States v. Garcia-Ortiz,* 528 F.3d 74, 80-81 (1st Cir. 2008); *United States v. Shea,* 211 F.3d 658, 674 (1st Cir. 2000); *United States v. Pearson,* 159 F.3d 480, 484-85 (10th Cir. 1998); *United States v. Thomas,* 34 F.3d 44, 48 (2d Cir. 1994). The same logic suggests that the cross-reference to the sentencing guideline for murder is appropriate: the defendant's intent to commit the crime of armed robbery is sufficient to hold him accountable for a killing that occurred during the robbery. *See Shea,* 211 F.3d at 673-74; *United States v. Harris,* 104 F.3d 1465, 1474-75 (5th Cir. 1997).[1]

The defendant also objects to the failure to include a four-level reduction for being a minimal participant. Filing 545-1 at 3. Instead, the presentence report provides only a two-level reduction for being a minor participant. U.S.S.G. § 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." *Id.*, cmt. n.3(A). The defendant bears the burden of proving he is entitled to a mitigating role adjustment. *United States v. Salazar-Aleman,* 741 F.3d 878, 880 (8th Cir. 2013). Specifically, it is the defendant's burden to establish both that he is a "minor participant by

---

[1] That conclusion moots the defendant's argument that the § 2B3.1(b)(6) enhancement, for when the taking of a controlled substance was an object of the robbery, should not be applied. *See* filing 545-1 at 2.

comparison with other participants *and* by comparison with the offense for which he or she is accountable." *United States v. Ramirez-Maldonado,* 928 F.3d 702, 708 (8th Cir.), *cert. denied sub nom. Llamas-Delgado v. United States,* 140 S. Ct. 425 (2019). The defendant argues that he "did not participate in the robbery or murder directly, and he is plainly among the least culpable of those involved." Filing 545-1 at 3.

Again, the Court disagrees. The evidence adduced at the trial of co-defendants Tawhyne Patterson and Damon Williams establishes, not only beyond a preponderance of the evidence but also well beyond a reasonable doubt, that the defendant was culpable for the robbery and its consequences.[2] The Court particularly notes the testimony of Eric Holmes, who said that the defendant reached out to him more than once seeking information about the victim's home, including the night before the murder. The Court also notes the testimony of Keyana Clark-Jennings, who said that it was the defendant who introduced Patterson to the idea to rob the victim. The Court is unpersuaded that the

---

[2] Because the sentencing process does not carry the same evidentiary protections guaranteed during a criminal trial, relevant, reliable evidence from a codefendant's trial presided over by the sentencing judge may be considered in sentencing a defendant even though the defendant was not present, represented, or able to confront and cross-examine witnesses at his codefendant's trial. *Smith v. United States,* 206 F.3d 812, 813 (8th Cir. 2000); *see United States v. Russell,* 234 F.3d 404, 409 (8th Cir. 2000); *United States v. Fetlow,* 21 F.3d 243, 250 (8th Cir. 1994); *see also United States v. Gomez-Coronado,* 216 F. App'x 615, 617 (8th Cir. 2007); *United States v. Simmons,* 100 F. App'x 600, 601 (8th Cir. 2004). Due process requires only that the defendant have notice of a proposed enhancement and an opportunity to rebut or explain the evidence to be used against him. *Smith,* 206 F.3d at 813; *see United States v. Bonine,* 598 F. App'x 462, 464 (8th Cir. 2015); *United States v. Wazwaz,* 327 F. App'x 669, 670 (8th Cir. 2009); *Gomez-Coronado,* 216 F. App'x at 617.

defendant merits a minimal role adjustment—if anything, the Court questions whether the defendant was a *minor* participant in the robbery, given his role in its inception and planning if not its execution, and the parties should be aware that the Court may reject that adjustment. *See United States v. Rodamaker*, 56 F.3d 898, 904 (8th Cir. 1995) (court may *sua sponte* reject minor role adjustment).

Accordingly, the Court tentatively finds that the defendant's objections lack merit, subject to any additional evidence or argument presented at sentencing. The defendant also moves for a downward variance based on his personal history and characteristics and the circumstances of the offense. Filing 545; filing 545-1. That will be taken up at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraphs, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 24th day of March, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge